**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  GERSON IRVING FOX,<br><br>Debtor,<br><br>------------------------------<br><br>GERSON I. FOX, Individually and as Trustee of the Gerson and Gertrude Fox Family Trust; et al.,<br><br>Appellants,<br><br>v.<br><br>ELISSA MILLER, Chapter 7 Trustee,<br><br>Appellee. | No.   16-55345<br><br>D.C. No. 2:16-cv-00522-DMG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 16, 2017
Pasadena, California

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: IKUTA and WATFORD, Circuit Judges,[**] and GETTLEMAN,[***] District Judge.[**]

Gerson, Gertrude, and Theodore Fox (the Fox parties) appeal from the district court's order denying their emergency motion to stay the bankruptcy court's January 14, 2016 order requiring the production of email correspondence between Ted Fox and his parents' lawyers, their motion to stay the bankruptcy court's order, and their motion for leave to appeal the order. We have jurisdiction under 28 U.S.C. § 1292(a)(1) because the district court's order was a denial of a motion for an injunction.

The Fox parties did not demonstrate a likelihood of success in establishing that the communications between Theodore Fox and his parents' law firm on behalf of his parents were privileged. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Federal law applies to the Fox parties' claim of privilege in connection with the Rule 2004 examinations. *Cf. United States v. Zolin*, 491 U.S.

---

[**] This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge Watford was drawn by lot to replace Judge Kozinski. Ninth Circuit General Order 3.2.h. Judge Watford has read the briefs, reviewed the record, and listened to the oral argument.

[***] The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

554, 562 (1989); *United States v. Bauer*, 132 F.3d 504, 510 n.4 (9th Cir. 1997). Even if there is a federal representative privilege when the client is "disabled or is in some unique position requiring another to intervene between the client and counsel," and the intervention was "(1) related to the subject matter of the underlying attorney-client relationship; (2) necessary to effectuate the representation; and (3) could not have been communicated by the client herself," *Dynamic Fin. Corp. v. Kipperman* (*In re N. Plaza, LLC*), 395 B.R. 113, 124 (S.D. Cal. 2008), the Fox parties have not shown it would be applicable here. There was no evidence that Theodore Fox was necessary to effectuate the representation, given that the record established that Gerson Fox was able to communicate orally with counsel and to respond directly in critical legal situations, and his difficulties extended only to the use of email.

Given the record before the bankruptcy court, there is no likelihood of success in showing the bankruptcy court erred in ordering production of communications to which Theodore Fox was a party. The bankruptcy court's denial of leave to file supplemental declarations regarding Ted Fox's role as an intermediary was not an abuse of discretion. *See Johnson v. Neilson* (*In re Slatkin*), 525 F.3d 805, 810–11 (9th Cir. 2008).

**AFFIRMED.**

3